**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Loland L. C., | File No. 19-cv-1020 (ECT/DTS) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Andrew Saul, Commissioner of Social Security, | |
| Defendant. | |

Laura S. Melnick, Southern Minnesota Regional Legal Services, Inc., St. Paul, MN, for Plaintiff Loland L.C.

Marisa Silverman, Social Security Administration, Office of the General Counsel, Dallas, TX, for Defendant Andrew Saul.

Plaintiff Loland C. appealed the Commissioner of Social Security's denial of his application for disability insurance and supplemental security income benefits. The Parties filed cross-motions for summary judgment. ECF Nos. 12, 14. In a Report and Recommendation, ECF No. 20 ("R&R"), Magistrate Judge David T. Schultz recommended granting Loland C.'s summary-judgment motion, denying the Commissioner's motion, and remanding the case with instructions to award benefits to Loland C. R&R at 19. The Commissioner filed objections to the R&R [ECF No. 21], to which Loland C. responded [ECF No. 22]. Because the Commissioner essentially has objected to the R&R in its entirety, the R&R will be reviewed de novo. 28 U.S.C. § 636(b)(1); *see also* Local Rule 72.2(b)(3).

The administrative law judge ("ALJ") found that Loland C. suffers from "the following severe impairments: unspecified personality disorder, depressive disorder NOS, generalized anxiety disorder, mild learning disorder, borderline intellectual functioning and diabetes with mild neuropathy." R. at 13 [ECF No. 11-2]. Nonetheless, the ALJ determined that Loland C. "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* at 14. The ALJ considered Loland C.'s impairments under Listings 12.04 (depressive, bipolar, and related disorders), 12.05 (intellectual disorder), 12.06 (anxiety and obsessive-compulsive disorders), and 12.08 (personality and impulse-control disorders). *Id.* at 14–17. The ALJ found that Loland C.'s impairments did not meet the "[P]aragraph B" criteria, which require an impairment or combination of impairments to:

> result in an at least one extreme or two marked limitations in a broad area of functioning which are: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing themselves. A marked limitation means functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited. An extreme limitation is the inability to function independently, appropriately or effectively, and on a sustained basis.

*Id.* at 14; 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(E)–(F). The ALJ determined that Loland C. had only a "moderate limitation" in all categories. R. at 14–15. Accordingly, the ALJ determined that Loland C. was not disabled from April 25, 2015, through the date of the ALJ's decision. *Id.* at 25.

2

Loland C. argues that he met the criteria in Listing 12.08, which covers personality and impulse-control disorders. Pl.'s Mem. in Supp. at 6 [ECF No. 13]. Specifically, he appeals the ALJ's determination that he had only "moderate limitations" in the Paragraph B functional criteria, arguing that he suffered at least "marked limitations" in two or more listed areas, which would be sufficient for him to be considered disabled. *Id.* at 7–8. Magistrate Judge Schultz agreed with Loland C., writing that the ALJ's determination that Loland C. suffered only "moderate" limitations in the Paragraph B categories "is not supported by substantial evidence in the record as a whole." R&R at 7. Magistrate Judge Schultz thus concluded that "[t]he ALJ erred in failing to find Plaintiff did not meet Listing 12.08." *Id.* at 18. The Commissioner objects to Magistrate Judge Schultz's conclusion, arguing that substantial evidence supported the ALJ's determination that Loland C. suffered only "moderate" limitations in all Paragraph B categories of Listing 12.08. Obj. at 1–2 [ECF No. 21].

The Commissioner first argues that Magistrate Judge Schultz "applied an incorrect standard of review; the Court is determining whether substantial evidence supports the ALJ's finding, not whether substantial evidence supports Plaintiff's position." *Id.* The Commissioner understates Magistrate Judge Schultz's conclusion. The R&R accurately describes the standard of review, R&R at 4, and its rationale is faithful to this standard, *id.* at 7, 11, 16–17. Magistrate Judge Schultz did not conclude merely that substantial evidence supported Loland C.'s position that he met the Paragraph B criteria of Listing 12.08. Rather, he determined that substantial evidence did not support the ALJ's conclusion that Loland C. was only "moderately" limited in the Paragraph B criteria, and he determined

3

that the evidence in the administrative record could not rationally justify any decision but that Loland C. was at least "markedly" limited in two of the Paragraph B criteria.

The ALJ determined that Loland C. had only "moderate" limitations on his ability to interact with others. Magistrate Judge Schultz found that this conclusion was not based on substantial evidence. Magistrate Judge Schultz began his discussion of this issue by identifying two material factual errors in the ALJ's decision. First, the ALJ justified his decision that Loland C. did not meet the Paragraph B criteria by observing, among other things, that Loland C. "has not had any type of restraining order against him." R. at 22. As Magistrate Judge Schultz observed, this statement is false. In fact, Loland C. "was under a restraining order from February 2014 through March 2017." R&R at 7 (citing R. at 316–19). Second, the ALJ justified his decision that Loland C. did not meet the Paragraph B criteria by observing that "there are also times the record noted the claimant was at least able to interact without having to be restrained or banned from a treatment facility." R. at 22. Magistrate Judge Schultz noted that this observation was not entirely accurate because Loland C. was, in fact, "kicked out of a dentist's office in July 2016." R&R at 7. After reviewing the record evidence in some detail, Magistrate Judge Schultz concluded that "the ALJ's conclusion that Plaintiff is only moderately impaired [in his ability to interact with others] is not supported by substantial evidence in the record as a whole." *Id.* at 11. "Rather," Magistrate Judge Schultz concluded, "the medical record as a whole establishes that Plaintiff has a marked limitation in interacting with others." *Id.*

The Commissioner challenges this aspect of Magistrate Judge Schultz's decision. The Commissioner implies that Magistrate Judge Schultz was wrong to identify the two

4

factual errors (regarding the absence of a restraining order and ejection from a treatment facility) because "it is questionable whether these facts were central to [the ALJ's] step three finding that Plaintiff's ability to interact with others was only fair, but not limited." Obj. at 4.  Not so.  The ALJ's observations follow explicit reference to the "paragraph B" criteria, R. at 22, and the most—and perhaps only—reasonable understanding of the ALJ's mention of these facts is that they were part of his analysis of that issue.  The Commissioner also seems to fault Magistrate Judge Schultz for "rely[ing] on evidence prior to April 25, 2015, the alleged disability onset date."  Obj. at 4.  This suggestion is not persuasive.  As a practical matter, records preceding a claimant's date of disability are often relevant to provide a complete picture of the claimant's medical and social history (or, as Loland C. puts it, to permit examination of a claimant's impairment "through a historical or longitudinal lens," Resp. to Obj. at 6).  As a legal matter, the Commissioner cites no authority forbidding the consideration of records preceding a claimant's date of disability.  Finally, the Commissioner's own reliance on just such records—including, for example, evidence regarding Loland C.'s behavior in high school—undermines the Commissioner's argument.  Obj. at 4.  The Commissioner cites a series of records that, he says, "show that Plaintiff could be calm, cooperative, and engaged at times" and was "able to avoid conflicts."  *Id.*  The Commissioner is correct in one sense.  This isn't one of those (rare) Social Security cases where no evidence in the record might be understood to undermine a plaintiff's claim.  As the R&R explained, however, the record evidence tilted so heavily toward showing that Loland C. had at least "marked" limitations on his ability to interact with others that the ALJ's determination that Loland C. had only "moderate" limitations in

5

this area was not supported by substantial evidence. R&R at 8–11, 17–18; *see also* Resp. to Obj. at 7–9. This conclusion is faithful to the overwhelming record evidence. *Id.* And it is faithful to the law. The issue is not whether some evidence undercuts Loland C.'s claim or might, if viewed in isolation, support the denial of benefits. The record must be viewed "as a whole," *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998)), and a decision that "cherry-picks" evidence violates this rule, *Furstenau v. Saul*, No. 6:19-cv-3201-NKL, 2020 WL 3287947, at *4 (W.D. Mo. June 18, 2020).

The ALJ also determined that Loland C. was "moderately" limited in his ability to adapt or manage himself. The ALJ downplayed Loland C.'s inability to maintain personal hygiene appropriate for the workplace in favor of more isolated examples of times when he did not display such difficulties. Yet the evidence overwhelmingly demonstrated a persistent pattern of poor hygiene. R&R at 12–15. Additionally, the ALJ did not consider other factors relevant to Loland C.'s ability to adapt and manage himself, including evidence that he was regularly unable to respond appropriately to demands, adapt to changes, manage his psychological symptoms, distinguish between acceptable and unacceptable behavior, or set realistic goals. *See id.* at 15–17. Substantial evidence does not support the conclusion that Loland C.'s ability to adapt and manage himself "independently, appropriately, effectively, and on a sustained basis is fair," but "commands a finding," *id.* at 11, that his ability to do so "is seriously limited."

Because the ALJ erred in finding that Loland C. was only "moderately" limited in the areas of interacting with others and adapting or managing himself, and because the evidence overwhelmingly supports the conclusion that he was, instead, at least "markedly"

limited in these areas, a remand with instructions to award Loland C. benefits is appropriate. *See Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000) ("Ordinarily, when a claimant appeals from the Commissioner's denial of benefits and we find that such a denial was improper, we, out of our abundant deference to the ALJ, remand the case for further administrative proceedings. Consistent with this rule, we may enter an immediate finding of disability only if the record overwhelmingly supports such a finding." (internal quotation marks and citations omitted)).

## ORDER

For the foregoing reasons, and based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED** that:

1. Defendant's Objection to the Report and Recommendation [ECF No. 21] is **OVERRULED**;

2. The Report and Recommendation [ECF No. 20] is **ACCEPTED**;

3. Plaintiff's Motion for Summary Judgment [ECF No. 12] is **GRANTED**;

4. Defendant's Motion for Summary Judgment [ECF No. 14] is **DENIED**;

5. The decision of the Commissioner of Social Security is **REVERSED** and the case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) with instructions to award Plaintiff benefits.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 20, 2020         s/ Eric C. Tostrud
                             Eric C. Tostrud
                             United States District Court